1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10   DAVID BRUCE TRACY,

11              Plaintiff,                    No. CIV S-08-0121 LEW DAD P

12       vs.

13   SHEEHAN, et al.,

14              Defendants.              <u>ORDER</u>

15   _____/

16          Plaintiffs are six inmates confined at the Rio Consumnes Correctional Center, a

17   jail facility operated by the Sacramento County Sheriff's Department, proceeding pro se with a

18   civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiffs complain that in general the

19   defendants have exhibited deliberate indifference to their serious medical needs by failing to

20   provide them with proper medical care in violation of plaintiffs' constitutional rights.  Each

21   plaintiff has signed the complaint filed with the court to commence this action.  However, only

22   plaintiff Tracy signed the application to proceed in forma pauperis submitted with the complaint.

23          This court has determined that each plaintiff should proceed separately with his

24   own claims.  The Federal Rules of Civil Procedure provide that parties may be dropped or added

25   by order of the court on the court's own initiative at any stage of the action and on such terms as

26   are just and that any claim against a party may be severed and proceeded with separately.  Fed. R.

1

1   Civ. P. 21.  In this regard, courts have broad discretion regarding severance.  See Davis v. Mason

2   County, 927 F.2d 1473, 1479 (9th Cir. 1991).

3          In the present action, the plaintiffs are individuals in the custody of the

4   Sacramento County Sheriff's Department, confined at Rio Consumnes Correctional Center.  In

5   this court's experience, an action brought by multiple inmate plaintiffs proceeding pro se

6   presents procedural problems that result in delay and confusion.  Delay often arises from the

7   frequent transfer of inmates to other facilities or institutions, the changes in address that occur

8   when inmates are released and the difficulties faced by inmates attempting to communicate with

9   each other and with unincarcerated individuals.[1]

10         Accordingly, the court will order that plaintiffs' claims be severed.  Plaintiff

11   David Tracy will proceed in this action, while plaintiffs Thomas Gallion, Ricky Willilams,

12   Vincent Arkanass, Eugene Johnson, and Kenneth Gardner will proceed in five individual civil

13   actions to be opened by the Clerk of the Court.  Each plaintiff will proceed with his own action

14   and will be solely responsible for his own action.

15         The Clerk of the Court will be directed to assign the new actions to the same

16   district judge and magistrate judge assigned to the instant action.  The Clerk of the Court shall

17   make appropriate adjustment in the assignment of civil cases to compensate for this

18   reassignment.

19         Each plaintiff will be given thirty days to file, in his own action, an amended

20   complaint and an application to proceed in forma pauperis, using the forms provided by the court

21   with this order.  Each plaintiff is cautioned that if he proceeds with an individual action, he will

22   incur a liability in the amount of the $350.00 filing fee, which must be collected from the

23   inmate's prison trust account when funds are available.  See 28 U.S.C. § 1915(b).

24

25       [1] Court records indicate that mail from the court directed to plaintiffs Kenneth Gardner,
Vincent Arkanass and Eugene Johnson has been returned to the court as undeliverable because
26   these individuals are not currently in custody or have been transferred.

In accordance with the above, IT IS HEREBY ORDERED that:

1.  The claims of plaintiffs Thomas Gallion, Ricky Williams, Vincent Arkanass, Eugene Johnson, and Kenneth Gardner are severed from the claims of plaintiff David Tracy;

2.  Plaintiff David Tracy shall proceed as the sole plaintiff in case No. CIV S-08-0121 LEW DAD P;

3.  The Clerk of the Court is directed to:

    a.  Open five separate civil actions for plaintiffs Thomas Gallion, Ricky Williams, Vincent Arkanass, Eugene Johnson, and Kenneth Gardner;

    b.  Assign each action to the district judge and magistrate judge to whom the present case is assigned and make appropriate adjustment in the assignment of civil cases to compensate for such assignment;

    c.  File and docket a copy of this order in each of the five files opened for the plaintiffs listed in number 3a above;

    d.  Place a copy of the complaint filed January 17, 2008, in each of the five files opened for the plaintiffs listed in number 3a above;

    e.  Strike from the caption of each plaintiff's complaint, before scanning the document, all plaintiffs' names except the name of the individual plaintiff proceeding in the action;

    f.  Send each plaintiff an endorsed copy of his complaint bearing the amended caption and the case number assigned to his own individual action.

4.  Each plaintiff's complaint is dismissed;

5.  The Clerk of the Court is directed to send each plaintiff a form for filing a civil rights action under 42 U.S.C. § 1983 and an Application to Proceed In Forma Pauperis By a Prisoner; and

6.  Each plaintiff is granted thirty days from the date of service of this order to file an amended complaint and a new application to proceed in forma pauperis, using the forms

1  provided by the court with this order.  Each plaintiff's documents must bear the docket number

2  assigned to his own individual case, and each complaint must be labeled "Amended Complaint."

3  Failure to file an amended complaint and an application to proceed in forma pauperis in

4  accordance with this order will result in a recommendation that the plaintiff's action be dismissed

5  without prejudice.

6  DATED: February 21, 2008.

7

8  _____

9  DALE A. DROZD
   UNITED STATES MAGISTRATE JUDGE

10  DAD:4
    trac0121.2

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26